UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA, :
 :
       -against- : **SUMMARY ORDER**
 : 05-CR-309 (DLI)
JEAN TOUT-PUISSANT, :
 :
       Defendant. :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      On September 15, 2011, defendant Jean Tout-Puissant ("Defendant") pled guilty to violating a mandatory condition of his probation. On that same date, the court sentenced Defendant to a ten months' term of imprisonment, to run concurrently with a sentence imposed by the New York State Supreme Court, Queens County on February 2, 2011. On January 31, 2012, Defendant filed a *pro se* letter alleging "the bureau of prison [sic] improperly miscalculated" the sentence imposed by this court. (Def.'s *pro se* Jan. 31, 2012 Letter at 2, Dkt. Entry No. 47.) On February 9, 2012, Defendant's counsel filed a letter requesting the court issue an order directing the U.S. Bureau of Prisons ("BOP") to credit Defendant for the time he spent in presentence federal custody, between May 6, 2011 and September 15, 2011, against the ten-month term of imprisonment he is now serving. (*See* Def.'s Feb. 9, 2012 Letter, Dkt. Entry No. 48.)

      The government argues the motion should be denied as procedurally deficient because Defendant failed to exhaust his administrative remedies, or, in the alternative, denied on the merits. (*See* Gov't's Feb. 26, 2012 Letter at 2, Dkt. Entry No. 49.) Defendant asserts he should be excused from the requirement the he exhaust his administrative remedies because any attempt to do so would have been futile. (*See* Def.'s Feb. 28, 2012 Reply Letter at 1, Dkt. Entry No. 50.) For the reasons set forth below, the motion is denied.

I.  Background

On March 14, 2006, Defendant pled guilty to making false statements in the preparation of income tax returns, in violation of Title 26, United States Code, Section 7206. (Dkt. Entry No. 20.)  On June 6, 2007, the court sentenced Defendant to four years of probation, with special conditions. (Dkt. Entry No. 27.)  While still on probation, Defendant was convicted by jury in New York State Supreme Court, Queens County of, *inter alia*, falsifying business records, in violation of New York State Penal Law 175.10.  On February 2, 2011, the state court sentenced Defendant to an indeterminate term of two and one-half to seven and one-half years' imprisonment. (Gov't's Feb. 26, 2012 Letter, Ex. A, Dkt. Entry No. 49.)  On May 6, 2011, while serving his state sentence, Defendant was transferred to federal custody pursuant to a *writ of habeas corpus ad prosequendum*, for violation of his probation. (Dkt. Entry No. 41.)  On September 15, 2011, following Defendant's guilty plea, the court sentenced defendant to ten months' imprisonment to run concurrently to the sentence imposed by the state court. (Dkt. Entry No. 45.)

II.  Discussion

As a threshold matter, a claim that the BOP miscalculated credit for time served should be brought as a *habeas corpus* petition under Title 28, United States Code, Section 2241. *See Roccisano v. Menifee*, 293 F. 3d 51, 57 (2d Cir. 2002) ("Under § 2241, a prisoner may challenge the *execution* of his sentence, such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, or conditions of confinement." (emphasis in original) (citations and internal quotation marks omitted)).  Because Defendant

initiated this motion with a *pro se* letter[1], the court construes the motion as a Section 2241 petition challenging the BOP's calculation of the credit Defendant should receive for time served.

Defendant's motion is entirely without merit because Defendant simply is not entitled to credit for the time he served in presentence federal custody against his federal sentence. Title 18, United States Code, Section 3585(b) sets forth the circumstances under which a prisoner is entitled to receive credit for prior custody. Under Section 3585(b) a defendant may be granted credit against a federal sentence for time served in federal custody prior to sentencing in district court only "so long as that presentence custody 'has not been credited against another sentence.'" *Lopez v. Terrell*, 654 F. 3d 176, 178 (2d Cir. 2011) (quoting 18 U.S.C. § 3585(b)); *accord United States v. Gonzalez*, 192 F. 3d 350, 354 (2d Cir. 1999) (presentence custody credited to defendant's state sentence also cannot be credited to defendant's federal sentence); *United States v. Labeille-Soto*, 163 F. 3d 93, 99 (2d Cir. 1998) ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

Here, Defendant readily acknowledges he received full credit for his presentence federal custody against his state sentence. (*See* Def.'s Feb. 9, 2012 Letter ("[T]he New York State Department of Corrections is giving [Defendant] full credit for the time he was in federal custody[.]").) Because Defendant already received credit for his presentence federal custody against his state sentence, he cannot receive credit for the same period of presentence federal custody against his federal sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992)

---

[1] The court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [petition], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

("Congress made clear [under 18 U.S.C. § 3585(b)] that a defendant could not receive a double credit for his detention time."). Assuming, *arguendo*, Defendant was not required to exhaust his administrative remedies, the motion nevertheless is wholly without merit. Accordingly, Defendant's motion is denied.

## III. Conclusion

For the foregoing reasons, Defendant's motion is denied. As Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      July 13, 2012

                                        _____/s/_____
                                            DORA L. IRIZARRY
                                         United States District Judge